## CHAPMAN v. SIMS.

### (Circuit Court of Appeals, Ninth Circuit. May 6, 1918.)

### No. 3077.

VENDOR AND PURCHASER ⊜254(4)—VENDOR'S LIEN—ALLOWANCE.

 Where a vendor sold lands to a corporation engaged in acquiring lands to resell at increased prices and accepted investment certificates, which entitled her to participate in profits, etc., *held*, that such vendor was not entitled under Civ. Code Cal. § 3046, to a vendor's lien for the unpaid purchase price.

Appeal from the District Court of the United States for the First Division of the Northern District of California; Frank H. Rudkin, Judge.

In the matter of bankruptcy of the Realty Union. The claim of Hattie Hardesty Chapman to a vendor's lien on property conveyed to bankrupt, which was opposed by R. M. Sims, trustee in bankruptcy, was disallowed by the referee. From an order of the District Court, affirming the referee's order, claimant appeals. Affirmed.

Appeal from an order of the District Court, affirming an order of the referee in bankruptcy, disallowing appellant's claim to a vendor's lien on certain real property in Oakland, Cal. The appellant claims a vendor's lien upon certain real estate under section 3046 of the Civil Code of California,

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

which gives to one who sells real property a vendor's lien thereon for so much of the price as remains unpaid and unsecured, otherwise than by a personal obligation of the buyer. The property involved was conveyed in 1912 by deed to the representatives and agents of the Realty Union, bankrupt, by appellant, Hattie Chapman, and another acting for her.

The findings are that the business of the Realty Union was that of acquiring real estate through sale of certificates, such as are hereinafter described, for the purpose of holding the property with a view to selling at increased prices; that appellant knew at the time of her transactions with the bankrupt corporation that she was not to have any preferred right over any other holder of investment certificates in and to the realty transferred to the corporation; that after negotiations concerning assumption of mortgages and debts against the property—which were carried out—the consideration for the transfers were the delivery to appellant of certain of its "investment certificates" signed by the officials of the corporation. One of the certificates shows the form:

"Investment Certificate issued by the Realty Union.

"Incorporated 1910, under the Laws of California.

"Ten years after date, the Realty Union promises to pay to Hattie Hardesty Chapman, of Alameda, California, ten thousand dollars, with interest at the rate of six per cent. per annum, payable monthly, and whenever dividends paid its capital stockholders exceed six per cent. per annum the rate of interest paid thereon for the same periods shall be increased to equal the rate of said dividends.

"6%                         Gold                         6%

"This certificate is transferable only upon indorsement and surrender. Any owner of investment certificates of a paid-up value of not less than $100 may exchange them for unimproved realty held for sale by the corporation."

It is also found that subsequent to the conveyances the Realty Union mortgaged the property, and that the mortgages do not purport to be subordinate to any vendor's lien, and that appellant never asserted any right to a vendor's lien until some time in 1915, when the Realty Union failed to pay interest on the investment certificates. In September, 1915, the corporation was adjudged a bankrupt.

Wm. M. Aydelotte, C. A. S. Frost, and W. F. Sullivan, all of San Francisco, Cal., for appellant.

R. H. Cross, Black & Clark, and George Clark, all of San Francisco, Cal., and J. A. Elston, of Berkeley, Cal., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). It is contended that the District Court erred in concluding from the evidence that the assertion of a vendor's lien was inconsistent with the purposes for which the property was conveyed; that the evidence clearly shows that the investment certificates were considered by appellant to be two promissory notes, "simply as evidence of the Realty Union's indebtedness to her in the transaction in question; that she expected them to be paid in full, with interest, as agreed; that she had no intention of waiving any of her rights; that she knew nothing of the general nature of the business of the Realty Union, nor supposed for a moment that by accepting these investment certificates she embarked in any speculative scheme of the Realty Union."

It is unnecessary to set out the evidence upon which the referee and

the District Court based their conclusions. After hearing it discussed in argument and considering the briefs and record, our opinion fully accords with that of the District Court. The contract was one where the vendor looked to an independent way of making a settlement of the debt of the corporation. She had not only the promise of the corporation to pay money with interest to her at a future time, but she had the right to exchange her investment certificates for unimproved realty held for sale by the corporation. This contract was valid, and the right given to appellant could have been availed of. She accepted interest payments, and taking it as proven that she understood her rights of exchange under the contract, we fail to see how she can hold a vendor's lien. The whole scheme, which involved sale of certificates amounting to hundreds of thousands of dollars, seems to have been to build a common fund which would give value to all investment certificates, and to put all investors on an equal footing in respect to interest and dividends and the liability that the unimproved property could be exchanged for certificates. Appellant went into the scheme as an investor, received her certificate, had direct interest in possible profits, and had the right of exchange already referred to. Royal Con. M. Co. v. Royal Con. Mines, 157 Cal. 737, 110 Pac. 123, 137 Am. St. Rep. 165; In re V. & M. Lumber Co. (D. C.) 182 Fed. 235.

If the corporation had made large sums, appellant would have made a handsome profit; unfortunately, it drifted to failure, and her contract seems worthless in fact. But equity cannot relieve her of her contract which she freely made.

Affirmed.